IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA, ex rel.
Norman Rille and Neal Roberts                                   **PLAINTIFFS**

VS.                              NO. 4-04-CV986 WRW

ELECTRONIC DATA SYSTEMS
CORPORATION, a Delaware Corporation; SUN
MICROSYSTEMS, INC., a Delaware
Corporation; and DELL INC., a Delaware
Corporation                                                     **DEFENDANTS**

**DEFENDANT SUN MICROSYSTEMS, INC.'S BRIEF IN SUPPORT OF MOTION FOR
LEAVE NOT TO FILE ANSWER OR OTHERWISE RESPOND TO
RELATORS' COMPLAINT, AS AMENDED,
AND ALTERNATIVE MOTION FOR EXTENSION OF TIME**

Defendant Sun Microsystems, Inc., for its brief in support of motion for leave not to

file answer to relators' complaint, as amended, and alternative motion for extension of time,

states:

1.      Relators Norman Rille and Neal Roberts first filed this case under seal in 2004.

A Second Amended Complaint ("SAC") was filed under seal on October 25, 2006.  On

April 12, 2007, the United States of America, through the Department of Justice filed its

Complaint in Intervention ("CII") [47].  The Relators' SAC was unsealed by order of this

Court dated April 17, 2007 [48].

2.      In an effort to permit time for the parties to resolve the matter, on September

28, 2007, the Court granted the parties' agreed motion for stay [60].  Under that order, Sun's

response to the SAC is currently due on March 25, 2008.  While the parties are still

negotiating, it does not appear that a resolution will be achieved by the March 25 deadline.

However, in the interim a review of the SAC and the CII makes clear that given the intervention of the United States in this case, no pleading responsive to the SAC should or is required to be filed.

3.  Although there is no Eight Circuit law on this matter, other authorities all make clear that where, as here, the intervention by the United States is on the whole case and leaves no unique claims to relators, the relators' complaint is not legally operative. According to the seminal False Claims Act Treatise, "[b]ecause the amended complaint filed by the Justice Department upon intervening supersedes the original pleading, the relator's complaint should be formally dismissed, for although dual representation exists, there is ultimately only one plaintiff." *See* Boese, CIVIL FALSE CLAIMS AND QUI TAM ACTIONS § 4.05 [C]. In *United States ex rel. Alsaker v. Centracare Health Sys., Inc.*, No. 99-106, 2002 LEXIS 10180 at *6 n.2 (D. Minn. June 5, 2002), the defendant moved to dismiss certain counts of the government's complaint in intervention and to dismiss the relators' complaint in its entirety. The court indicated that only the government's complaint was relevant because it was well-established law that an amended complaint renders the original complaint without legal effect. The court also noted that the government had conceded this point in its response to the motion to dismiss. *Id.* This is consistent with decisions finding that the government's complaint in intervention is an amendment of the relator's complaint and therefore relates back to the original complaint for purposes of the statute of limitations. *See United States ex rel Wyke v. American Int'l Inc.*, 2005 WL 1529669 (E.D. Mich. 2005); *United States ex rel Cosens v. Yale-New Haven Hosp.*, 233 F. Supp.2d 319, 325 (D. Conn. 2002); *United States ex rel v. MWI Corp.*, 254 F. Supp.2d 69, 76 (D.D.C. 2003).

4.   Although Courts have permitted relators to pursue claims the government does not pursue, *see O'Keefe v. McDonnnell Douglas Corp.*, 918 F.Supp. 1338 (E.D. Mo. 1996); *United States ex rel Klump v. Dynamics Corp.*, 1998 U.S. Dist. LEXIS 21930 (S.D. Ohio, Sept. 30 1998) (relator was permitted to pursue allegations in a single paragraph that was not superseded by the government's complaint."), that is not the case here, as the Government's intervention was complete.  Indeed, the allegations of the SAC are repeated in the CII in many cases, and if anything the CII is more expansive than the SAC.  Indeed, given that the SAC barely references Sun, other than in the caption, this is not surprising.

5.   Because the Government has intervened as to all claims, the Relators' complaint, as amended, is superceded by the Government's complaint.  Sun therefore requests that the Court enter an order directing that Sun is not required to answer or otherwise respond to Relators' complaint, as amended.

6.   If the Court determines that a response to Relators' SAC is required, Sun requests that it be granted ten days from notice of the Court's decision in which to file its answer or otherwise respond.

WHEREFORE, defendant Sun Microsystems, Inc. prays that this Court grant its motion and award all other appropriate relief.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jlile@wlj.com
E-MAIL: mkaemmerling@wlj.com


By _Michelle Kaemmerling_
John G. Lile (62017)
Michelle M. Kaemmerling (2001227)
Attorneys for Sun Microsystems, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2008, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which shall send notification of such filing to the

following:

    Shirley Guntharp Jones – shirley@wecc-law.com
    Stephen C. Engstrom – stephen@wecc-law.com
    A. Douglas Chavis, III – doug.chavis@usdoj.gov
    Clarence Daniel Stripling – dan.stripling@usdoj.gov

I hereby certify that on March 20, 2008, I mailed the document and a copy of the

Notice of Electronic Filing (NEF) by United States Postal Service to the following non

CM/ECF participants:

    Craig H. Johnson
    Packard, Packard & Johnson - Salt Lake City
    2825 Cottonwood Parkway, Suite 500
    Salt Lake City, UT 84121

Jacquetta Bardacos
Packard, Packard & Johnson
Four Main Street, Suite 200
Los Altos, CA 94022

Von G. Packard
Packard, Packard & Johnson
Four Main Street, Suite 200
Los Altos, CA 94022

Michael F. Hertz
U. S. Department of Justice - Civil Division
601 D Street, N.W., Room 9704
Washington, DC 20044

Patricia R. Davis
U. S. Department of Justice - Civil Division
601 D Street, N.W., Room 9704
Washington, DC 20044

Peter D. Keisler
U. S. Department of Justice - Civil Division
20 Massachusetts Avenue NW
Washington, DC 2053

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jlile@wlj.com
E-MAIL: mkaemmerling@wlj.com


By _____
    Michelle M. Kaemmerling
    Attorneys for Sun Microsystems, Inc.