IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. NORMAN RILLE AND NEAL ROBERTS,<br><br>PLAINTIFF,<br><br>v.<br><br>SUN MICROSYSTEMS, INC., a Delaware Corporation,<br><br>DEFENDANT. | Civil Action 4:04CV00986 WRW<br><br>**GENERAL PROTECTIVE ORDER** |

The Parties to this Action have requested that the Court enter a General Protective Order.

IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

Plaintiff, the United States and Relators Norman Rille and Neal Roberts ("Relators"), and defendant Sun Microsystems, Inc. ("Defendant") are hereby bound to the following Protective Order ("Protective Order") to control the disclosure of protected documents to be exchanged hereafter by the parties to the above-captioned litigation. The United States and the Relators, hereafter collectively "Plaintiff," and Defendant shall be collectively referred to hereafter as the "Parties."

1. **Designation as Protected Material.**

A. Subject to the limitations contained in paragraph 2 below, a party may designate materials as "Protected Documents" or "Protected Documents - Attorneys' Eyes Only" (collectively referred to as "Protected Material") by stamping the words "Protected Documents" or "Protected Documents - Attorneys' Eyes Only," as applicable, on each page of such material, and all copies thereof or by providing written notice designating such material as Protected Material. For a period of fifteen (15) calendar days after receipt of any document or information produced by any party in discovery in this case designated as "Protected Documents" or "Protected Documents – Attorneys' Eyes Only", the Parties shall treat those documents or information as they have been designated to enable all of the Parties to determine whether they have been properly marked in accordance with this Protective Order. With respect to any deposition exhibit or transcript, or any portion thereof, a designation of such materials as "Protected Documents" or "Protected Documents - Attorneys' Eyes Only" shall be made on the record at the deposition or within fifteen (15) days after receipt of an official deposition transcript and the transcript of such deposition or portion thereof shall be so marked. With respect to answers to interrogatories, requests for production of documents, and requests for admission and the information contained therein, the designation shall be made on the first page of any such set of answers and on each succeeding page that contains information designated as Protected Material. Except as set forth in this paragraph or otherwise agreed to by the Parties, in writing, no documents shall be presumed to be Protected Material.

B. If the documents are produced in electronic media form (e.g., videotape, computer disc, CD Rom disc, DVD Rom disc, or the like) and such media contains both Protected Material and

non-protected documents, the producing party shall (i) format the disc so the documents designated as Protected Material are clearly segregated so that a person can determine what documents are claimed to be Protected Material without printing them or (ii) create a separate log identifying the documents claimed to be Protected Material. In addition, documents produced on electronic media form shall, to the extent possible, be formatted such that display and printed copies of any document(s) contain a footer stating "Protected Documents" or "Protected Documents - Attorneys' Eyes Only".

C. In the event a party produced information or material that it determines is not adequately protected by the terms of this Protective Order for material designated as "Protected Documents", it shall identify that material as "Protected Documents - Attorneys' Eyes Only." "Protected Documents - Attorneys' Eyes Only" or information derived therefrom may only be disclosed to those persons identified in Paragraph 6. Protected Material claimed to be "Protected Documents - Attorneys' Eyes Only" that is subject to a dispute as to the degree of disclosure allowed or as to whether it is in fact "Protected Documents - Attorneys' Eyes Only" shall, until further order of the Court, be treated as "Protected Documents - Attorneys' Eyes Only" in accordance with the provisions of this Protective Order notwithstanding the existence of such dispute.

D. With respect to the documents produced by Defendant in response to the Government's 2005 Inspector General Subpoena to Sun Microsystems, Inc. ("Sun IG Subpoena Documents") and the Government's 2005 Inspector General Subpoena to SeeBeyond Technology Corporation ("SeeBeyond IG Subpoena Documents"), Defendant is directed to designate now on a document-by-document basis which of the Sun IG Subpoena Documents and SeeBeyond IG Subpoena Documents contain confidential information (i.e., information protected by statute,

3

sensitive personal information; trade secret; confidential research, development, or commercial information entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G)), what the confidential information is, and why the information is confidential. Then, if the Government challenges a designation, the burden would shift to the Government.

2. **Confidential Information Defined.** The designations "Protected Documents" and "Protected Documents - Attorneys' Eyes Only" shall be limited to materials that contain information protected by statute, sensitive personal information, trade secrets, or other confidential research, development, or commercial information entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. The term "Trade Secret," as used in this Order, means information as defined under the Uniform Trade Secrets Act: Information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Furthermore, documents shall not be designated "Protected Documents – Attorneys' Eyes Only" unless the designating party has a good faith and reasonable belief that such material would place the designating party or its partners, customers, or vendors at a material competitive or commercial disadvantage and would suffer significant material injury, beyond the risk of injury if such material was designated "Protected Material" if such material became known to persons outside of the designating party, except for those Qualified Persons to whom disclosure of those documents is permitted by the provisions of Paragraphs 5 and 6 hereof. Confidential information of the United States includes information deemed confidential pursuant to any and all

applicable federal statutes or regulations. In the event a party in this action or a third party receives a request to produce documents for which a reasonable interpretation of a law or regulation requires that the documents be produced only pursuant to additional protections beyond those provided for Protected Material, the party may decline to produce such documents pending negotiations of additional protections with the other parties in this action. In the event the matter cannot be resolved through negotiations, the parties shall submit the matter to the Court for resolution.

3. **Obligation of Good Faith**. The parties agree that they shall not designate, in whole or in part, as Protected Material any testimony or document, as that term is defined in Federal Rule of Civil Procedure 34(a)(1)(A) unless the designating party has exercised reasonable diligence and has a good faith belief that such material contains confidential information entitled to protection from disclosure under this Protective Order and under Federal Rule of Civil Procedure 26(c)(1)(G).

4. **Objection Process**. Nothing in the provisions of this Protective Order shall preclude the parties from objecting to the designation of documents or other discovery material as Protected Material. A receiving party shall not be obligated to challenge the propriety of a Protected Material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. Such objection must be made in writing and must state the basis of the objection. If upon receipt of the objection the party designating the documents or other discovery materials as Protected Material does not agree to change the designation, the party challenging another party's designation of documents or other discovery material as Protected Material may move the District Court in the Eastern District of Arkansas (the Court) for an order removing the designation with

respect to the challenged discovery materials. If no such motion is made, the material will retain its designation as Protected Material. If such a motion is made, the producing party has the burden of demonstrating that there is good cause to designate the documents as such and that they properly are subject to treatment under this Protective Order. The documents at issue will be treated as Protected Material until such time as the Court rules that they should not be treated as Protected Material, or the designating party agrees to change the designation. Any material that is not designated as Protected Material for which the designation changes during the course of this case must be re-produced with correct labels within a reasonable amount of time after any such change in designation.

5. **<u>Qualified Persons for "Protected Documents."</u>** Documents designated as "Protected Documents" and any copies thereof shall be disclosed only to Qualified Persons, which include only the following individuals:

a. Counsel in the above-captioned case, in-house counsel for Defendant, government agency counsel, and investigating agents and their supervisors, employees, clerks, legal assistants, investigators, auditors, accountants, and support personnel (including persons or firms engaged in the copying or organization of documents or conversion of documents from or to electronic media) who are involved with the preparation of, and proceedings concerning, the above-captioned action or any appeals therein, provided that any employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Protective Order requiring that Protected Material (and its contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this Paragraph;

b. Experts and consultants retained in this action by respective counsel, and the employees of such experts and consultants who are assisting them, provided that, prior to disclosure, such expert or consultant and his or her support staff must agree to be bound by the terms of this Protective Order by executing the Non-Disclosure Certificate annexed hereto as Exhibit A, which executed exhibit shall be retained by counsel.

c. The Court, its personnel, and the jury;

d. Parties and their representatives, including agency personnel for the United States not included in paragraph a, involved with the preparation for, and proceedings concerning, the above-captioned action or any appeals therein, provided that any such party (or employee of such party) to whom disclosure is made shall be advised of, and become subject to, the provisions of this Protective Order requiring that Protected Material (and its contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this Paragraph;

e. Deponents and other witnesses, but only if such persons are informed of the terms of the Protective Order, provided with a copy of the same, and told that they are bound by its terms and told that they are required not to disclose proprietary or confidential information which may be contained in the Protected Material;

f. Court reporters or videographers selected by the parties, but only if such persons are informed of the terms of the Protective Order and told that they are bound by its terms and are required not to disclose proprietary or confidential information which may be contained in the Protected Material;

g. Any persons who authored or previously received Protected Material, but only if such persons are informed of the terms of the Protective Order and told that they are bound by its

terms and are required not to disclose proprietary or confidential information which may be contained in the Protected Material; and

  h. Such other persons as hereafter may be designated by written agreement of the parties or by order of the Court.

  6. **Qualified Persons for "Protected Documents - Attorneys' Eyes Only."** Unless otherwise authorized by the provisions of this Protective Order, by a written agreement of the parties or by Court order, any documents that are designated "Protected Documents – Attorneys' Eyes Only" may be disclosed only to those Qualified Persons that are defined and identified in subparagraphs (a), (b), (c), (e), (f), (g) and (h) of Paragraph 5 hereof.

  7. **No Use Permitted for Other Purposes.** Except as discussed below, Protected Material (and its contents or information revealing its contents) shall not be used or disclosed by any party, or person to whom disclosure has been made under Paragraph 5, in (a) litigation other than this lawsuit, (b) for business or competitive purposes, or (c) for any purpose whatsoever other than the preparation for, and proceedings concerning, the above-captioned action and any appeals therein, except as otherwise noted in this Agreement.

  8. **Disclosure to Government.** Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States or the Relators to disclose to any agency or department of the United States, or any division of any such agency or department, Protected Material relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or impair the use of any such Protected Material by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.

9. **Disclosure to Congress**. Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States or the Relators to provide any Protected Material to the Congress pursuant to a Congressional request; provided, however, that the United States and the Relators shall notify the Congressional entity requesting that any Protected Material it has produced pursuant to this Order shall, if there are no objections interposed by the Congressional entity requesting the Protected Material, use reasonable efforts to promptly notify the party of the Congressional entity's request and the United States' response thereto.

10. **Use of Protected Material in Related Actions**. The United States and the Relators shall have the right to use Protected Material or other documents produced by Sun, in those related actions pending before the Court, i.e., *U.S. ex rel. Norman Rille, et al. v. EMC Corporation*, Case No. 4-04 CV0000984WRW, *U.S. ex rel. Norman Rille, et al. v. Accenture, L.L.P., et al*, Case No. 4-04 CV0000985WRW, *U.S. ex rel. Norman Rille, et al. v. Cisco Systems, Inc.*, Case No. 4-04 CV0000988WRW, *U.S. ex rel. Norman Rille, et al. v. Hewlett-Packard Company*, Case No. 4-04 CV0000989WRW, *U.S. ex rel. Norman Rille, et al. v. [Under Seal]*, Case No. 4-04 CV0000990WRW ("Related Actions"), provided that any defendant in such Related Actions to whom Sun's Protected Material is disclosed agrees prior to receiving any of Sun's Protected Material to be bound by this Protective Order with respect to Sun's Protected Material, or is already bound in an existing protective order signed and entered by this Court that includes the protections found in paragraph 16 herein. Any of Sun's Protected Material (whether designated in this action by Sun as Protected Documents or Protected Documents – Attorneys' Eyes Only) are to be treated as Protected Documents – Attorneys' Eyes Only by any person receiving such documents and information in connection with any of the Related Actions and such persons are to be so advised.

11. **Using Protected Material in Depositions and Hearings.** Notwithstanding any restrictions contained otherwise in this Protective Order, any documents designated as Protected Material may be used by any party at any deposition, conference, hearing or trial, subject to the provisions of this Protective Order. Documents designated as Protected Material that are identified as an exhibit in connection with testimony given in these proceedings will be marked as such. When documents designated as Protected Material are used in a deposition, conference, hearing or trial, counsel for the party that produced the underlying documents may indicate that such testimony is Protected Material by making a statement to that effect on the record at the deposition or other proceeding, or may identify such information as Protected Material after having had a reasonable opportunity to review the record of the deposition or hearing. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcripts containing "Protected Documents" or "Protected Documents - Attorneys' Eyes Only" and to label such portions appropriately.

12. **Non-Protected Material.** The following shall not be considered Protected Material: (a) any documents that at the time of disclosure to a receiving party are in the public domain; and (b) any documents that, after their disclosure to a receiving party, become part of the public domain as a result of publication not involving a violation of this Protective Order.

13. **Non-Disclosure Declaration**. Any person to whom Protected Material is to be disclosed shall first be advised by the attorney making the disclosure that such Protected Material is subject to a Protective Order, which limits the disclosure of such Protected Material to Qualified Persons.

14. **Filing of Protected Documents**. Subject to order of the Court, any Protected Material submitted or presented to or filed with the Court shall be placed under seal and shall not be

the Court. This Protective Order is without prejudice to the right of any party to seek additional protection from the Court to preserve the confidentiality of documents or information produced in the above-captioned action.

24. **Preservation of Rights and Privileges.** Except as otherwise provided herein, nothing contained in this Protective Order shall affect the right, if any, of any party or witness to make any type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Except as otherwise provided herein, this Protective Order shall not be construed as a waiver by any party of any right to withhold any Protected Material based on a legally-cognizable privilege or doctrine or any other limitation on discovery, or of any right which any party may have to assert such privilege or right at any stage of this action.

IT IS SO ORDERED.

_____
HONORABLE WILLIAM R. WILSON
UNITED STATES DISTRICT JUDGE

## NON-DISCLOSURE DECLARATION

I hereby certify my understanding that Protected Material is being provided to me pursuant to the terms and restrictions of the General Protective Order dated _____ entered by the Court in *U.S. ex rel. Norman Rille, et al. v. Sun Microsystems, Inc.*, U.S. District Court, Eastern District of Arkansas, Civil Case No. 4-04CV00986 (WRW) ("Protective Order"). I have been given a copy of the Protective Order and have read it.

I agree to be bound by the Protective Order. I will not reveal the Protected Material to anyone, except as allowed by the Protective Order. I will maintain all such Protected Material in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of the above-captioned litigation as set forth in the Protective Order, I will return the Protected Material to the counsel who provided me with the Protected Material.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of _____, at _____.

_____
Signature

_____
Print Name

_____
Address

_____
City/State/Zip

_____
Telephone Number