**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,<br>EX REL. NORMAN RILLE,** *et al.* | **PLAINTIFFS** |
| v.     4:04CV00986-WRW | |
| **SUN MICROSYSTEMS, INC,** *et al.* | **DEFENDANTS** |

## ORDER

Pending is Defendant Sun Microsystem's Motion to Compel Production of Documents (Doc. No. 120). The Government has responded[1] and Defendant has replied.[2] For the reasons set out below, the Motion is GRANTED.

The Government filed a Complaint in Intervention against Defendant, alleging that Defendant violated the False Claims Act, the Anti-Kickback Act, and common law.[3] The Government's Complaint, in part, reads: "Sun's disclosures indicated it rarely deviated from these 'contractual' discounts, disclosing under 'Concessions' that 'Spot reductions, special packages, extended warranties, price guarantees, etc. are all offered to the Government, GSA, and commercial companies on an as required basis."[4]

An August 23, 1999, letter from Defendant to the GSA provides that "Sun and the GSA recognize that Sun's [Volume End Users] will be offered spot reductions, promotions, special terms and conditions and other considerations from time to time. Such special considerations

---

[1]Doc. No. 122.

[2]Doc. No. 129.

[3]Doc. Nos. 47, 122.

[4]Doc. No. 47.

1

will not constitute a price reduction."[5] That same letter identified information about discounts that Defendant gave to its other customers, how many other customers received discounts higher than the Government's discount, provided that Sun's highest contractual discount was 40%, and certified that the information in the letter was accurate, current, and complete.[6]

The Government asserts that the information in the August 23, 1999, letter was false and misleading.[7] Defendant contends that the Government's fraud-based claims place the Government's knowledge and reliance at issue, and that Sun needs the requested discovery to be able to defend itself against the Government's charges.[8] Defendant seeks from the Government

> documents relating to the twelve . . . largest contracts by expected purchase volume, entered into between GSA and any Technology Vendor for the sale of technology-related products and services that were negotiated by each of the named persons in each year during which Sun had or negotiated a GSA contract. Such documents are to include the Pre-Negotiation and Price Negotiation Memoranda, any other internal negotiation memorandum or analysis, and any and all communication, including, but not limited to e-mails, between the named GSA employee and others within the GSA or at the party with whom said contract is being negotiated.[9]

Sun believes that the requested documents are relevant to four central issues in this case: falsity; reliance; materiality; and damages.[10]

The Government disagrees, and maintains that the "GSA was seeking pricing information on Sun's most favored customers in its negotiations with Sun. The discounting practices and most favored customer status of other technology vendors was simply not relevant to GSA's

---

[5]Doc. No. 122, Exhibit 2.

[6]*Id.*

[7]See Doc. Nos. 47, 122.

[8]*Id.*

[9]Doc. No. 120, Exhibit 1.

[10]Doc. No. 121.

dealings and negotiations with Sun."[11] The Government objects to the production of the requested documents because: the Government is producing documents related to its contracts and negotiations with Defendant; Defendant did not file its Motion to Compel in good faith; the documents are irrelevant; undue burden in producing the documents; Defendant can get the same information through depositions; and Defendant seeks documents that are protected by the deliberative process privilege.[12]

"Generally, parties may obtain discovery regarding any unprivileged matter so long as it is relevant to the subject matter of the pending action."[13] It seems to me that the documents Defendant requests are relevant to the subject matter of the pending action. I will, however, limit Defendant's request to the six largest contracts negotiated by each of the named persons. The Government is directed to begin producing the relevant documents.

With respect to the deliberative process privilege, the Government -- at this point -- only "reserved the right to assert the deliberative process with respect to the privileged documents associated with Sun's competitors."[14] Thus, any ruling concerning the deliberative process privilege would be premature.

IT IS SO ORDERED this 15th day of October, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[11]Doc. No. 122.

[12]*Id.*

[13]*McGowan v. General Dynamics Corp.*, 794 F.2d 361, 363 (8th Cir. 1986) (citing Fed. R. Civ. P. 26(b)(1)).

[14]Doc. No. 122.