# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**THE UNITED STATES OF AMERICA** *ex rel.*  **PLAINTIFFS**
**NORMAN RILLE AND NEAL ROBERTS**

v.                          4:04CV00986-WRW

**SUN MICROSYSTEMS, INC.**                          **DEFENDANT**

## ORDER

Pending is Relator's Motion to Compel Production of Documents (Doc. No. 138). Defendants have responded,[1] and Relators have replied.[2] Also pending is the Government's Motion for Joinder Statement of Interest in Motion to Compel (Doc. No. 147). The Government's Motion for Joinder Statement of Interest in Motion to Compel is GRANTED. For the reasons set out below, Relator's Motion is DENIED.

SeeBeyond Technologies Corporation ("SeeBeyond") was formerly owned, in part, by Accenture. Relators filed a *qui tam* action in 2004 naming Accenture and SeeBeyond, among others, as defendants.[3] The Government intervened in the *Accenture* case.[4] Relators filed a Second Amended Complaint in the *Accenture* case on April 24, 2007.[5] In the *Accenture* case, both the Government's Complaint in Intervention and Relator's Second Amended Complaint name SeeBeyond as a defendant.

---

[1] Doc. No. 143.

[2] Doc. No. 148.

[3] 4:04-CV-00985-WRW.

[4] 4:04-CV-00985-WRW -- Doc. No. 39.

[5] 4:04-CV-00985-WRW-- Doc. No. 44.

In 2004, Relators also filed this *qui tam* action against Sun Microsystems, Inc. ("Sun").

On August 13, 2007, Relators and the Government filed a Stipulation of Dismissal in the *Accenture* case, asking the Court to dismiss SeeBeyond without prejudice.[6] SeeBeyond is not currently a party in any of the Relators pending *qui tam* cases.

In 2005, Sun acquired SeeBeyond.

Relator's Second Amended Complaint in this case, filed on October 25, 2006, mentions SeeBeyond a few times, but SeeBeyond is not named as a party.[7] The Government intervened in this case in April, 2007.[8] The Complaint in Intervention does not mention SeeBeyond. After SeeBeyond was dismissed from the *Accenture* case, neither Relators nor the Government amended their complaints in this case to include SeeBeyond as a party.

Relators, joined by the Government, now seek documents that Relator's claim will prove SeeBeyond "knowingly presented false claims to the Government, reveal the systemic nature of the kickback schemes, and confirm the United States' damages under the FCA."[9] Defendant asserts Plaintiffs' Motion should be denied, because the Government's Complaint in Intervention[10] is the operative pleading in this case and makes no mention of SeeBeyond, and because Relators never made SeeBeyond a party.[11]

---

[6]4:04-CV-00985-WRW -- Doc. No. 61.

[7]Doc. No. 35 at 8, 11, 13, 16-17.

[8]Doc. No. 47.

[9]Doc. No. 139.

[10]*Id*.

[11]Doc. No. 143.

Title 31, United States Code § 3730(c)(1) provides that if the Government proceeds with a *qui tam* action, the Government has the primary responsibility for prosecuting the action, although the person bringing the action has the right to continue as a party, subject to certain limitations.[12]

It seems to me that if the Government, which is primarily responsible for prosecuting this, never made SeeBeyond a party,[13] then SeeBeyond should not be treated as a party. Beyond that, Relators never named SeeBeyond as a defendant either. Further, Defendant should not be placed in the position of defending claims against SeeBeyond when Defendants have not had the opportunity of answering a complaint or seeking the dismissal of a complaint. Accordingly, the Motion to Compel is DENIED.

IT IS SO ORDERED this 25th day of January, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[12] 31 U.S.C. § 3730(c)(1).

[13] In its Amended Statement of Interest in Motion to Compel Production of Documents, the Government wrote:

> while the Government declined to intervene against SeeBeyond in the *Accenture* litigation, at no time did the Government advise Sun that it would not pursue claims against SeeBeyond in other litigation. While the Government has not yet intervened in this case with respect to SeeBeyond, it reserves the right to do so. Doc. No. 152.