IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>Norman Rille and Neal Roberts,<br><br>　　　　　Plaintiff/Relator,<br><br>v.<br><br>SUN MICROSYSTEMS, INC., a Delaware<br>Corporation,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 04-04 CV-00986 WRW<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO AMEND FINAL SCHEDULING ORDER TO CONFORM
## TO THE STIPULATED ASSENT MOTION

Defendant Sun Microsystems, Inc. ("Sun"), for its motion to amend final scheduling order to conform to the stipulated assent motion, states:

1.　On June 25, 2010, the parties filed a Second Assent Motion re: Continuance of Trial and Related Deadlines ("Assent Motion"). (Docket #200).

2.　The United States initially asked Sun for an extension of 60 days for filing expert reports and conducting expert discovery. Sun suggested 30 days. The parties eventually compromised on 45 days and filed an Assent Motion specifying each of the new resulting deadlines. (Exhibit 1.)

3.　The chain of communications, including the Government's draft motion that requested 60 days but was rejected by Sun, confirm that Sun was amenable to only a short

882506-v1

extension of the applicable expert discovery and disclosure deadlines, for the purposes of accommodating the Government's need for additional time to prepare.

4. In the Assent Motion, the parties specified all relevant dates for fact and expert discovery. They left any change in the trial date to the Court's discretion. The discovery and expert deadline changes were the sole reason for the Motion and were the most that Sun was willing to agree to, while continuing the trial date was never more than a possible collateral consequence of the new negotiated deadlines.

5. On September 27, 2010, the Court issued a Final Scheduling Order, which extended expert disclosures by seven months, instead of the agreed upon 45 days. This meant that the Plaintiffs initial expert disclosures—which they had just agreed in the Assent Motion would be due on August 23, 2010—would not be filed until March of 2011.

6. Sun has since learned that prior to issuance of the new Final Scheduling Order, during discussions with the Court's staff regarding rescheduling trial in its case 4:04-cv-00985-WRW against Accenture, the Government took the position that if the Sun trial date was reset to trail the Accenture trial, then the discovery and expert deadlines in the stipulated Assent Motion should also change. Sun was not a party to those discussions and was not aware that they had taken place.

7. Shortly before the new Scheduling Order was entered, Sun received an email from the Court soliciting the parties' positions regarding the order of the Sun and Accenture trials, i.e. whether there was a preference that the Accenture case precede the Sun case. At that point, Sun was unaware that the Government had informed the Court that if the Sun trial

date were extended, then the deadlines in the Assent Motion should be extended, instead of the 45-days agreed to by Sun.

8. The Government was, of course, well aware of those *ex parte* communications on this issue and, further, knew that Sun was not aware of them. At no time prior to the entry of the new Scheduling Order did the Government inform Sun of its change in position with respect to the stipulated Assent Motion deadlines. Similarly, Sun understands that the Government did not inform the Court that the Assent Motion deadlines had been the maximum that Sun had been willing to agree to and that Sun had been unwilling to extend the expert and discovery deadlines by even 60 days, let alone by over six months.

9. The Government was the only party that was aware of the *Accenture* discussions with the Court, its subsequent change in position on the Assent Motion, and, most importantly, that further lengthy extensions of the discovery and expert deadlines were not acceptable to Sun. In those circumstances, the appropriate course of action was for the Government to inform the Court that not only had Sun not been consulted about the proposed discovery and expert extensions but would almost certainly oppose them.

10. Further, the Government should have pointed out during the email exchanges between Sun, the Plaintiffs and the Court staff regarding the ordering of the Accenture and Sun trials that Sun was not aware of its separate discussions regarding the possibility that allowing Accenture to go first would result in Sun losing the protections of the discovery and expert deadlines it had just negotiated with the Government. Because the Government did not disclose this information, during the exchange of emails regarding resetting the Sun trial, Sun was acting under the assumption that the entire reason for that discussion was that the Court

882506-v1

had granted the Assent Motion and was moving the trial date pursuant to Paragraph 1 of that Motion.

11. At no point during the discussions regarding the Accenture and Sun trial dates was Sun aware that agreeing to let Accenture go first would result in a multi-month extension of the discovery and expert deadlines in its case, such that expert disclosures would not even begin until well into the following calendar year.

12. Sun asked the Government to join in this Motion, which seeks only to conform the discovery and expert deadlines in the new Scheduling Order to those the parties agreed to in the Assent Motion. It refused to do so. Its working premise appears to be that now that the trial date has been changed, all the agreed upon deadlines are moot. Of course, the one and only reason for changing the trial date was to accommodate those short extensions of the previously agreed upon deadlines. The new trial date—which was always merely a collateral consequence of the new expert deadlines—is being touted by the Government as a basis for gutting the very deadlines that were the only reason for continuing the trial.

13. The Government's other stated reason for refusing to join in this Motion is that after more than four years of litigation, it still is not in a position to prosecute its case to conclusion, even though under the agreed deadlines in the Assent Motion, the Government still has more than five months of discovery remaining. This new position is inconsistent with the position taken in the Assent Motion's preamble, which was drafted by the Government and states:

> "The parties believe that an additional 45 days will allow the parties to complete document production and discovery. Additionally, a 45-day extension will allow the

882506-v1

parties to more substantially complete document production prior to the disclosure of expert witnesses and the issuance of expert reports."

10. Sun granted the Government a 45-day extension on expert disclosures and other discovery deadlines in good faith. The Government's new position, which amounts to a complete repudiation of the stipulated Assent Motion, seeks to take advantage of confusion on the part of Sun and the Court's staff regarding the consequences of the trial date change and Sun's likely position regarding those consequences. Its attempt to turn a 45-day extension into seven additional months of onerous discovery is also inconsistent with the arguments the Government made to the Court in conjunction with its Motion for Leave to File Amended Complaint (Dkt. #166), in which it pointedly argued that the existing discovery schedule was adequate.

11. The Government seems to believe that extending discovery by seven months is somehow appropriate simply by virtue of the trial date change. There are two major problems with that line of reasoning. First, it is the tail wagging the dog. The only reason the parties filed the Assent Motion was to adjust certain agreed upon discovery deadlines by only 45 days, recognizing that it might cause a change in the trial schedule. The Government now argues that because the trial date was changed to accommodate the deadline changes, the deadlines themselves should now be moot. Second, trial dates are regularly continued based on other docketing issues. That seldom results in a change to the discovery and expert disclosure deadlines. And, to the extent the Government is claiming that moving the *Accenture* case should impact Sun's discovery schedule, there is no reason why moving one case would require a seven month discovery extension in an entirely separate case.

12. To summarize, Sun would not have agreed to further extensions beyond the 45-days in the Assent Motion and, hence, had the Government openly advocated for a longer extension, the Assent Motion and its reference to the possibility of changing the Sun trial date would never have been filed. The Government apparently advised the Court that if the Sun trial schedule was reset to trail the Accenture trial, then the discovery and expert deadlines in the stipulated Assent Motion should also change. Sun did not agree with this position, and would have objected if given the opportunity.

WHEREFORE, Sun Microsystems, Inc. respectfully requests that this Court modify the Final Scheduling Order to conform to each of the specific deadlines enumerated by the parties in their Assent Motion.

By: *Michelle Kaemmerling*
John G. Lile (62017)
Michelle M. Kaemmerling (2001227)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
Fax: (501) 376-9442
E-mail: jlile@wlj.com
        mkaemmerling@wlj.com

*and*

Clayton James
Stuart M. Altman
Michael F. Mason
Phillip Metcalf
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
Fax:  (202) 637-5910
E-mail: clay.james@hoganlovells.com

Attorneys for Sun Microsystems, Inc.

882506-v1

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

        Jacquetta F. Bardacos - jbardacos@packard.com
        Michael Bierman - mbierman@luce.com
        Patricia R. Davis - pat.davis@usdoj.gov
        Stephen C. Engstrom - stephen@wecc-law.com
        Philip J. Favro - pfavro@packard.com
        Daniel Hugo Fruchter – Daniel.Fruchter@usdoj.gov
        Craig H. Johnson - cjohnson@packard.com
        Shirley Guntharp Jones - shirley@wecc-law.com
        Daniel W. Packard - dpackard@packard.com
        Lon D. Packard - lpackard@packard.com
        Ronald D. Packard - rdpackard@packard.com
        Von G. Packard - vpackard@packard.com
        Shannon S. Smith – Shannon.Smith@usdoj.gov
        Jeffrey Wexler - jwexler@luce.com
        Patrick Klein – Patrick.Klein2@usdoj.gov
        Clare Wuerker – Clare.Wuerker@usdoj.gov
        Erica Blachman Hitchings – Erica.B.Hitchings@usdoj.gov

I hereby certify that on July 29, 2010, I mailed the document and a copy of the Notice of Electronic Filing (NEF) by United States Postal Service to the following non CM/ECF participants:

> Joyce R. Branda
> Michael F. Hertz
> U.S. Department of Justice-Civil Division
> P.O. Box 261
> Washington, DC 20044
>
> Peter D. Keisler
> U.S. Department of Justice-Civil Division
> 20 Massachusetts Avenue NW
> Washington, DC 20530

Michelle M. Kaemmerling

## Michelle M. Kaemmerling

| | |
|---|---|
| **From:** | Klein, Patrick (CIV) [Patrick.Klein2@usdoj.gov] |
| **Sent:** | Thursday, June 24, 2010 10:19 AM |
| **To:** | Lon Packard; Ron Packard; James, Clay C. |
| **Cc:** | Fruchter, Daniel (CIV) |
| **Subject:** | US ex rel Rille v. Sun |
| **Attachments:** | Assent Motion - Second Extension.wpd |

<<Assent Motion - Second Extension.wpd>> All -

Attached is a revised motion for extension which, based upon my call with Clay this morning, reflects a 45 day, instead of 60 day, extension. Please let me know if you approve, and if I can sign and file on your behalves.

Thanks

Patrick

Your message is ready to be sent with the following file or link attachments:

Assent Motion - Second Extension


Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments. Check your e-mail security settings to determine how attachments are handled.

**EXHIBIT 1**

7/29/2010