## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* | | |
| **NORMAN RILLE and NEAL ROBERTS** | | **PLAINTIFF** |
| **v.** | **4:04CV00986-WRW** | |
| **SUN MICROSYSTEMS, INC.** | | **DEFENDANT** |

## ORDER

Pending is Defendant Sun Microsystems, Inc.'s Motion to Dismiss the First Amended Complaint in Intervention (Doc. No. 191). The United States has responded,[1] and Defendant filed a reply.[2] A hearing was held August 17, 2010. As stated at the hearing, Defendant's Motion to Dismiss is DENIED.

## I.   BACKGROUND

The United States has intervened in this case, originally filed as a qui tam action by Norman Rille and Neal Roberts,[3] asserting claims under the False Claims Act,[4] the Anti-Kickback Act,[5] and various common-law causes of action.[6] Defendant Sun Microsystems, Inc., has sold information technology systems consisting of both products (computer hardware and software) and services (maintenance) to the United States government. The United States

---

[1] Doc. No. 197.

[2] Doc. No. 203.

[3] Doc. No. 188.

[4] 31 U.S.C. §§ 3729, *et seq.*

[5] 41 U.S.C. §§ 51-58.

[6] Doc. No. 188.

alleges that Defendant violated the law by paying kickbacks to resellers of its products and services, and by making false statements to the government about its commercial pricing and discounts.

## II.   STANDARD

Defendant seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]

Under the general rules of pleading, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] Rule 9(b) of the Federal Rules of Civil Procedure requires that "circumstances constituting fraud" be pled with particularity. "Rule 9(b) is to be read in the context of the general principles of the Federal Rules, the purpose of which is to simplify pleading."[9] Accordingly, the particularity required for pleading fraud "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations."[6] When a systemic practice of fraud is alleged, a complaint must provide "*some* representative examples"[7] of the allegedly fraudulent conduct.

---

[7]*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)).

[8]Fed. R. Civ. P. 8(a)(2).

[9]*U.S. ex rel. Costner v. U.S.*, 317 F.3d 883, 888 (8th Cir. 2003).

[6]*Id.*

[7]*U.S. ex rel. Joshi v. St. Luke's Hospital, Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (emphasis in original).

### III.    CONCLUSION

Under the standards outlined above and as discussed in the hearing on August 17, 2010, the Amended Complaint[8] contains sufficient detail to pass muster under Rule 9(b).  Accordingly, the Motion to Dismiss (Doc. No. 191) is DENIED.

IT IS SO ORDERED this 18th day of August, 2010.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[8]Doc. No. 188.