IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. NORMAN RILLE AND NEAL ROBERTS, | ) ) ) ) ) | |
| PLAINTIFFS, | ) | Civil Action 4:04CV00986 BRW |
| VS. | ) ) | |
| SUN MICROSYSTEMS, INC., | ) ) ) | |
| DEFENDANT. | ) ) | |

**ORDER GRANTING RELATORS' MOTION TO FILE
UNDER SEAL UNREDACTED VERSIONS OF VARIOUS PAPERS
REGARDING RELATORS' MOTION FOR AWARD OF
<u>STATUTORY ATTORNEYS' FEES, COSTS AND EXPENSES</u>**

After consideration of Relators' Motion to File Under Seal Unredacted Versions of Various Papers Regarding Relators' Motion for Award of Statutory Attorneys' Fees, Costs and Expenses ("the Motion"), the Court GRANTS the Motion (Doc. No. 255) as follows:

1. With regard to time records of counsel for Relators (Exhibits 4–6b) to the Affidavit of Von G. Packard ("Time Records"), the Court orders that, within 7 days of the date of this Order, the redacted versions of the Time Records will be filed under seal and that Relators will serve Sun the redacted version of such records with the following restrictions:

(a) Sun's possession, use, and disclosure of the Time Records and the information therein will be restricted to their counsel, Hogan Lovells, (including its attorneys and staff), in-house counsel for Sun, and a consultant, subject to a non-disclosure agreement. The attached Exhibit A as the Non-Disclosure Agreement, which must be executed prior to disclosure. This means that

1

the consultant would also be bound by this Court's Order, which includes in part that the consultant is not a consultant for, and will not consult with, Accenture LLP, Proquire or their counsel in the related case pending before the Court.

(b) Sun is permitted (if it chooses) to share the redacted Time Records with current outside or in-house counsel for Hewlett Packard Company ("HP") in the related action styled *United States ex rel. Rille v. Hewlett Packard Company*, Civ. No. 4:04-cv-00989-BRW, and/or with current outside or in-house counsel for Cisco Systems, Inc. ("Cisco") in the related action styled *United States ex rel. Rille v. Cisco Systems, Inc.*, Civ. No. 4:04-cv-00988-BRW, but only after proper execution of the attached Exhibit A as the Non-Disclosure Agreement. This means HP, their current outside counsel and in-house counsel, and their consultant, and/or Cisco, its current outside counsel and in-house counsel, and its consultant, would also be bound by this Order, which includes in part that the consultant is not a consultant for, and will not consult with, Accenture LLP or Proquire or their counsel in the related case pending before with Court.

(c) Sun will have 14 days after being served with the redacted Time Records in which to object to the redactions. In the event Sun challenges the redactions in the Time Records, and/or attempts to obtain the information contained in the redacted time records, and/or should the Court deem it otherwise desirable, counsel for Relators will submit, to the Court only, the unredacted version of the Time Records for *in camera* review and decision by the Court.

(d) Sun, its current counsel, HP, and its current counsel, Cisco, and its current counsel, will not be permitted to share said records or information with counsel for Accenture LLP or Proquire, or Dickstein Shapiro, or any consultant for Accenture or Proquire, or any other entity or individual not authorized under Exhibit A.

2. The filing under seal of the unredacted versions of, and service of Relators' Exhibits A-9, A-10, A-11, A-12, A-14, A-15, A-17, A-18, A-20, A-21, A-22, A-23, A-24, A-25, A-26, A-

29 and A-30 to the Affidavit of Von G. Packard, the Affidavit of Von G. Packard, and the Memorandum of Law in Support, will not constitute waiver of Joint Prosecution and/or Common Interest Privileges with the Government or any other privileges. Relators will file under seal and serve Sun with these exhibits within 7 days of the date of this Order. Sun will not share these exhibits with any entity or individual other than HP's outside counsel (including their attorneys and staff) and in-house counsel.

IT IS SO ORDERED this 5th day of May, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

# EXHIBIT A
## NON-DISCLOSURE AGREEMENT

I hereby certify my understanding and agreement that the Memorandum of Law Supporting Relators' Motion for Award of Statutory Attorney Fees, Costs and Expenses, the Affidavit of Von G. Packard in support thereof and certain exhibits and time records ("Protected Documents") are being provided to me pursuant to, and I am subject to, the terms and restrictions of the Order Granting Motion to File under Seal Various Papers Regarding Relators' Motion for Award of Statutory Attorneys' Fees, Costs and Expenses entered by the Court in *U.S. ex rel. Norman Rille, et al. v. Sun Microsystems, Inc.*, U.S. District Court, Eastern District of Arkansas, Civil Case No. 4-04CV00986 (BRW) ("the Order"). I have been given a copy of the Order and have read it.

I agree to be bound by the Order. I will not provide a copy of the foregoing Protected Documents, nor the information contained therein, to anyone except as allowed in the Order and not to Accenture LLP or Proquire, or their counsel, or their consultant(s) in this case or the related cases filed with the Court in the Eastern District of Arkansas by Relators Norman Rille and Neal Roberts.

I will maintain all the foregoing Protected Documents, and the information contained therein, in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of the above-captioned litigation, I will return the foregoing Protected Documents to the counsel who provided me with same.

I hereby agree to be subject to the attached Order and declare under penalty of perjury that the foregoing is true and correct and that this Non-Disclosure Agreement is executed this _____ day of _____ , at _____.

_____
Signature
_____

Print Name
_____
Address
_____
City/State/Zip
_____
Telephone Number